# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**JACKIE LENE MCKINNEY**                                                    **PLAINTIFF**
**POSTON**

**V.**                                                                        **NO. 4:24-CV-117-DMB-JMV**

**RYAN WOOD, RONALD**
**WHITE, JAMES NEILL, and**
**ROGAN JACKSON**                                                            **DEFENDANTS**

## OPINION AND ORDER

Jackie Lene McKinney Poston sued two Montgomery County employees and two Carroll County employees alleging Title VII sex discrimination and retaliation, and defamation. James Neill and Rogan Jackson move to dismiss Poston's claims against them, arguing lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim. Because Poston failed to properly serve Neill and Jackson, because she failed to exhaust administrative remedies as to her Title VII claims, because Neill and Jackson are not proper Title VII defendants, and because the complaint's factual allegations do not support a defamation claim against Neill and Jackson, the claims against them will be dismissed.

## I
## Procedural History

On December 2, 2024, Jackie Lene McKinney Poston filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Ryan Wood, Ronald White, James Neill, and Rogan Jackson,[1] alleging Title VII sex discrimination and retaliation claims, and

---

[1] Poston used a form "Complaint for Employment Discrimination" to draft her pro se complaint. In listing the defendants, she identified the nature of business of Wood as "Montgomery County Chancery Clerk;" White as "Montgomery County Supervisor, District 5;" Neill as "Supervisor Beat One Carroll County Board of Supervisors;" and Jackson as "Office Manager, Carroll County Chancery Clerk Office." Doc. #1 at PageID 3–4.

a defamation claim.[2]  Doc. #1 at 2–4.  On March 20, 2025, United States Magistrate Judge Jane M. Virden ordered Poston to show cause why her complaint should not be recommended for dismissal for her failure to timely serve the defendants.  Doc. #17.  On April 4, based on Poston's motion, Judge Virden extended Poston's time to serve process on the defendants until May 5.  Doc. # 20.

On May 7, Neill and Jackson filed a motion to dismiss[3] Poston's complaint as to them pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).[4]  Doc. #35.  Poston did not respond to the motion to dismiss.[5]

## II
## Standards

### A.  Rule 12(b)(2)

A party may challenge the Court's exercise of personal jurisdiction by filing a motion pursuant to Federal Rule of Civil Procedure 12(b)(2).  On a Rule 12(b)(2) motion, "the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices."  *Luv N' care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (internal citations omitted).  A court "must accept the plaintiff's uncontroverted allegations, and

---

[2] The same day, Poston filed a pro se motion to proceed in forma pauperis which was denied December 19.  Doc. #8.

[3] Jackson and Neill initially filed a motion to dismiss on April 29, Doc. #29; however, they moved to withdraw it on May 2, Doc. #30.  Poston responded to that motion to dismiss by moving to set it aside on May 5.  Doc. #31.  On May 8, the Court granted the motion to withdraw and denied as moot Poston's motion to set it aside.  Doc. #37.

[4] The next day, in accordance with Local Rule 16(b)(3)(B), Judge Virden stayed the attorney conference and disclosure requirements, and all discovery, pending a ruling on the motion's request to dismiss for lack of jurisdiction.  Doc. #38.

[5] Poston's response to Neill and Jackson first motion to dismiss addresses the same arguments raised in the present motion to dismiss.  In their memorandum in support of the present motion to dismiss, Neill and Jackson—stating that Poston's May 5 motion "[c]ontain[s] factual assertions that a legal conclusion can be based upon regarding lack of personal jurisdiction over [them]" and "makes factual assertions as to the insufficiency of process and service of process"—"ask that these factual assertions be incorporated and included in their Motion to Dismiss."  Doc. #36 at 2–3.  The Court declines to consider a request in a memorandum that is not included in the motion it supports.  More, Neill and Jackson offer no argument and cite no authority to support such a request.

resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Patterson v. Aker Sols., Inc.*, 826 F.3d 231, 233 (5th Cir. 2016) (internal alteration omitted).

### B.  Rules 12(b)(4) and 12(b)(5)

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) authorize the filing of a motion to dismiss for, respectively, insufficient process and insufficient service of process.  "Generally speaking, '[a motion] under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos.*, 289 Fed. App'x 688, 691 n.3 (5th Cir. 2008) (quoting 5B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1353).  "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."  FED. R. CIV. P. 4(l)(1).  "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Henderson v. Republic of Tex. Biker Rally, Inc.*, 672 Fed. App'x 383, 384 (5th Cir. 2016) (quoting *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

### C.  Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) asserts a "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  To survive dismissal under the Rule 12(b)(6) standard, "a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The

Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (internal quotation marks omitted) (quoting *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010)). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* In ruling on a 12(b)(6) motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. U.S. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### III
### Relevant Factual Allegations

Despite being qualified and maintaining an active application on file for the Veteran Officer Service position, which is a combined county position that serves veterans in Carroll County and Montgomery County, Jackie Lene McKinney Poston has not been considered.[6] Doc. #1 at PageID 6. The boards of both counties consist of only male members. Doc. #1-1[7] at PageID 8, 13. In the most recent opening, in June 2023, despite her qualifications and experience, neither Poston nor another female applicant were granted the opportunity to interview for the position. *Id.* Instead, a male applicant was rehired after he had previously resigned from the job. *Id.*

---

[6] Despite having a difficult time filling the position, President of Carroll County Board of Supervisors, James Neill, submitted applications from two non-residential veterans with the knowledge that only veterans residing in Carroll or Montgomery County were authorized to apply for the position. Doc. #1 at PageID 6.

[7] This document attached to Poston's complaint includes the Equal Employment Opportunity Commission ("EEOC") charges Poston filed against the Montgomery County Board of Supervisors on October 3, 2023, and against the Carroll County Board of Supervisors on December 1, 2023, alleging race and sex discrimination. Doc. #1-1 at PageID 8–9, 13–14. The EEOC charges and Poston's allegations in them may be considered because they are attached to and referenced in the complaint, and are central to Poston's claims. *Clark v. Huntleigh Corp.*, 119 Fed. App'x 666, 667 (5th Cir. 2005). The EEOC issued "Determination and Notice of Rights" letters to Poston for both charges on September 4, 2024. Doc. #1-1 at PageID 10, 15.

4

**IV**

**Analysis**

**A.  Personal Jurisdiction**

Neill and Jackson's sole argument that the complaint should be dismissed as to them for lack of personal jurisdiction is "there is no individual liability that exists under Title VII."  Doc. #36 at 2.  However, whether an individual may be sued under Title VII concerns whether a complaint states a claim against them, not whether personal jurisdiction over him is lacking. Liability and personal jurisdiction are two separate inquiries.  *See Magee v. Florida Marine, LLC*, 711 F. Supp. 3d 614, 620 n.34 (E.D. La. 2024) (whether defendant is "proper party for purposes of liability" does not pertain to jurisdictional question); *Osborn v. Computer Sciences Corp.*, No. A-04-CA-158 LY, 2004 WL 5454427, at *5 (W.D. Tex. Oct. 25. 2004) (whether defendants are "employers" subject to liability under the FLSA should not be conflated with whether personal jurisdiction exists over them); *Basic v. BProtocol Found.*, No. A-23-CV-533-RP, 2024 WL 4113751, at *5 (W.D. Tex. July 31, 2024) (improper to "conflate[] statutory liability with the Constitution's command that the exercise of personal jurisdiction must be fundamentally fair") (quoting *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 351 (D. Md. 2004)). The personal jurisdiction inquiry asks whether a defendant has "meaningful 'contacts, ties, or relations' with the forum state."  *Luv n' care*, 438 F.3d at 469 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).  Neill and Jackson's argument that there is no individual liability under Title VII does not pertain to the extent of their contacts with the state of Mississippi. So, the complaint will not be dismissed against Neill and Jackson based on lack of personal jurisdiction.[8]

---

[8] Poston's listing of Mississippi addresses for both Neill and Jackson—which seem to be business addresses rather than residential addresses because the same address is listed for both—may support specific personal jurisdiction over them.  Doc. #1 at PageID 3.  Specific personal jurisdiction requires that "the defendant purposely directed its activities

5

### B. Insufficient Process and Insufficient Service of Process

Neill and Jackson maintain that the complaint should be dismissed for insufficient process and insufficient service of process "on the theory that the summonses do not properly contain the names of the parties, and that the parties were never served with a copy of the complaint." Doc. #36 at 3. Specifically, they argue that "[t]he Proof of Service for Defendant Neill's summons indicates that it was served … on Defendant Jackson and not Defendant Neill;" they "were never personally served with a copy of the Complaint;" and Poston "was granted an extension of time … to properly serve process and … has failed to do so." *Id*. at 3, 4.

A summons must be served with a copy of the complaint. FED. R. CIV. P. 4(c)(1). Rule 4(e) instructs that an individual may be served by personal delivery; leaving a copy of the summons and complaint at the defendant's dwelling; delivery to an agent authorized to receive service; or in a manner allowed under the law of the state where the court is located or where service is made. FED. R. CIV. P. 4(e). Mississippi law allows service on an individual, among other methods, by process server and by mail. MISS. R. CIV. P. 4(c)(1), (3). Service by mail requires "mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender." MISS. R. CIV. P. 4(c)(3). Service by process server may be accomplished:

> (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized … to receive service of process; or

---

toward the forum state or purposely availed itself of the privileges of conducting activities there," "the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts," and "the exercise of personal jurisdiction is fair and reasonable." *Luv N' care*, 438 F.3d at 469 (quoting *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)). Poston's claims are based on Neill and Jackson's purposeful contacts with Mississippi because she alleges they discriminated against her in the Mississippi counties where they each work respectively, and nothing indicates the exercise of personal jurisdiction over them would not be fair and reasonable.

(B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode … and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left.

MISS. R. CIV. P. 4(d)(1)(A)-(B).

Here, Neill and Jackson challenge the mode of delivery of the summons to Neill (personal service to an improper person) and the lack of delivery of the complaint. These challenges are properly brought under Rule 12(b)(5) rather than under Rule 12(b)(4). Because Neill and Jackson challenge the sufficiency of service, and because Poston has not met her burden of establishing service was proper,[9] Poston's claims are properly dismissed pursuant to Rule 12(b)(5).[10]

### C. Failure to State Claim

Neill and Jackson argue that Poston's complaint fails to state a claim against them because (1) Poston "failed to exhaust any administrative remedies as to [her retaliation and defamation] claims;" (2) "the individual Defendants cannot be individually held liable for the alleged violations of Title VII; and (3) Poston "has failed to exhaust her administrative remedies against [them]." Doc. #36 at 5–7.

### 1. Exhaustion

Neill and Jackson argue that "[Poston] did not file a[n EEOC] charge based on retaliation or defamation[, and a]s a result, the EEOC did not conduct an investigation as to those claims;"

---

[9] No proof of service was filed, and Poston submitted nothing showing service was valid.

[10] When service of process is untimely or insufficient, a district court maintains discretion to extend the time to perfect service. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008); *see* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). A plaintiff's pro se status, actual notice to the defendants, and that the plaintiff attempted to effect service may be relevant in determining whether to dismiss for improper service. *See Systems Signs Supplies v. United States Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) ("Although the actual notice and [plaintiff's] efforts, coupled with his pro se status, arguably provide grounds for leniency in considering the technical imperfections of service, we find that the district court did not abuse its discretion."). But Poston did not respond to the motion to dismiss or ask the Court to further extend her time to serve process.

and "[they] were not named as a 'Respondent' in [Poston's] EEOC Charge of Discrimination against Carroll County, Mississippi … [t]herefore, the EEOC did not consider [them] to be parties or respondents, and [they] never received notice that a Charge had been filed against them." Doc. #36 at 6, 8.

Before filing a private cause of action under Title VII, "a plaintiff must exhaust administrative remedies by filing a charge with the EEOC within 180 days of the discriminatory action." *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (citing *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018)). "[T]he scope of an EEOC complaint should be construed liberally" so the Fifth Circuit interprets what charges are "properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). "[T]he crucial element of a charge of discrimination is the factual statement contained therein," *Clayton v. Rumsfeld*, 106 F. App'x 268, 271 (5th Cir. 2004), and "the proper question is whether the charge has stated sufficient facts to trigger an EEOC investigation and to put an employer on notice of the existence and nature of the charges against him," *Simmons-Myers v. Caesars Ent. Corp.*, 515 F. App'x 269, 272 (5th Cir. 2013) (internal citation omitted).

There is "a general rule that 'a party not named in an EEOC charge may not be sued under Title VII.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014) (quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988)). "When applying that general rule, however, courts liberally construe Title VII's naming requirement so as to not frustrate claimants with needless procedural roadblocks." *Id.* Such a party may only be sued under Title VII if "there is a clear

8

identity of interest between it and the party named in the charge or it has unfairly prevented the filing of an EEOC charge." *Way*, 840 F.2d at 307.

In "THE PARTICULARS" section of the EEOC charges Poston filed against the Montgomery County Board of Supervisors on October 3, 2023, and against the Carroll County Board of Supervisors on December 1, 2023, Poston alleges she and another female applicant were not hired or interviewed for the indicated position due to sex-based discrimination. Doc. #1-1 at PageID 8, 13. The complaint contains the same allegations, and seeks relief for "sexual discrimination, retailation [sic], and defamation." Doc. #1 at PageID 5, 6. Because Poston did not name Neill and Jackson as respondents in her EEOC charges, and because she offers nothing to indicate they unfairly prevented the filing of an EEOC charge or that there is a clear identity of interest between Neill, Jackson, and Carroll County or Montgomery County, Poston did not exhaust administrative remedies as to her Title VII claims against Neill and Jackson. More, because there is nothing in the EEOC charges to provide notice of a retaliation claim, she failed to exhaust administrative remedies as to her Title VII retaliation claim too. However, because defamation is not a Title VII claim,[11] Poston was not required to exhaust administrative remedies as to her defamation claim.

### 2. Liability of individual defendants

Neill and Jackson argue that "[they] cannot be individually held liable for the alleged violations of Title VII," and "[e]ven if [Poston] was permitted to bring claims against [them], her claims still fail … because [she] has failed to exhaust her administrative remedies against [them]." Doc. #36 at 6–7.

Under Title VII, an "Employer" is "a person engaged in an industry affecting commerce

---

[11] 42 U.S.C. §§ 2000e-2(a), 2000e-3.

… and any agent of such a person." 42 U.S.C. § 2000e(b). "[T]here is no individual liability for employees under Title VII." *Muthukumar v. Kiel*, 478 F. App'x 156, 158 (5th Cir. 2012) (internal quotation marks omitted) (quoting *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002)). Individuals can only be sued under Title VII in their official, not individual, capacities, when acting as agents of the employer, for instance, when they are "delegated the employer's traditional rights, such as hiring and firing." *Harvey v. Blake*, 913 F.2d 226, 227, 228 (5th Cir. 1990); *see Vance v. Union Planters Corp.*, 279 F.3d 295, 299 (5th Cir. 2002) (quoting *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996)) ("An individual qualifies as an employer under Title VII solely for purposes of imputing liability to the true employer if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring.").

Poston does not specify in her complaint whether Neill and Jackson are sued in their official or individual capacities. Doc. #1 at PageID 3. Jackson is not mentioned in the factual allegations of the complaint at all, and the only conduct alleged by Neill is that he "submitted applications from two non-residential veterans … with the knowledge that only veterans residing in Carroll or Montgomery County were authorized to apply for the position." *Id*. at PageID 6. Even if the Court presumed Poston intended to sue Neill and Jackson in their official capacities based on the inclusion of their titles in her listing of them as defendants,[12] she does not allege they exercised control over hiring such that they could be considered agents of Carroll County for purposes of her Title VII claims. Consequently, the Title VII claims against Neill and Jackson will be dismissed for failure to state a claim.

### 3. Defamation

Under Mississippi law, the elements of defamation are "(1) a false and defamatory

---

[12] *See* note 1 *supra*.

statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Mitchell v. Random House, Inc.*, 865 F.2d 664, 668 (5th Cir. 1989) (internal quotation marks omitted) (quoting *Fulton v. Miss. Publishers Corp.*, 498 So. 2d 1215, 1216 (Miss. 1986)).  Because Poston does not allege any facts to support any of these elements, she fails to state a claim for defamation against Neill and Jackson.

## V
## Conclusion

Neill and Jackson's motion to dismiss [35] is **GRANTED**.  Poston's claims against Neill and Jackson are **DISMISSED without prejudice**.

**SO ORDERED**, this 30th day of March, 2026.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**

11