IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JACKIE LENE MCKINNEY                                    PLAINTIFF
POSTON

V.                                          NO. 4:24-CV-117-DMB-JMV

RYAN WOOD, RONALD
WHITE, JAMES NEILL, and
ROGAN JACKSON                                          DEFENDANTS

## OPINION AND ORDER

Jackie Lene McKinney Poston sued two Montgomery County employees—Ryan Wood and Ronald White—and two Carroll County employees—James Neill and Rogan Jackson—alleging Title VII sex discrimination and retaliation claims, and defamation. The Court earlier dismissed all Poston's claims against Neill and Jackson. Wood and White now move to dismiss Poston's claims against them with prejudice, arguing lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim. Because Poston did not properly serve Wood and White and because she fails to state a claim against them, her claims against Wood and White will be dismissed but without prejudice.

## I
## Procedural History

On December 2, 2024, Jackie Lene McKinney Poston filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Ryan Wood, Ronald White, James Neill, and Rogan Jackson,[1] alleging Title VII sex discrimination and retaliation claims, and

---

[1] In listing the defendants in her pro se complaint, Poston identified Wood as "Montgomery County Chancery Clerk;" White as "Montgomery County Supervisor, District 5;" Neill as "Supervisor Beat One Carroll County Board of Supervisors;" and Jackson as "Office Manager, Carroll County Chancery Clerk Office." Doc. #1 at PageID 2–3.

a defamation claim.[2]  Doc. #1 at 2–4.  On March 20, 2025, United States Magistrate Judge Jane M. Virden ordered Poston to show cause why her complaint should not be recommended for dismissal for her failure to timely serve the defendants.  Doc. #17.  On April 4, 2025, based on Poston's motion, Judge Virden extended Poston's deadline to serve process on the defendants through May 5, 2025.  Doc. #20.

Wood and White filed an answer to the complaint on April 24, 2025, denying all allegations except as to their positions, the addresses of the Montgomery County Chancery Clerk and Carroll County Chancery Clerk's offices, and the existence of subject matter jurisdiction.  Doc. #23 at 5–6.  The affirmative defenses in their answer include failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "any and all applicable defenses available to them under Rule 12(b) of the Federal Rules of Civil Procedure," improper service of process, and that "[Poston] is estopped and barred from alleging all matters which were not the subject of a timely charge of discrimination filed with the Equal Employment Opportunity Commission."  *Id.* at 1, 2, 4.

On May 7, 2025, Jackson and Neill moved to dismiss Poston's complaint as to them, which the Court granted on March 30, 2026, because Poston failed to establish service on them was proper and failed to state a claim against them.  Doc. #48.

On April 20, 2026, Wood and White filed a motion to dismiss Poston's claims against them with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).[3]  Doc. #52 at 2.  Poston did not respond to the motion.

---

[2] The same day, Poston filed a pro se motion to proceed in forma pauperis which was denied December 19, 2024. Doc. #8.

[3] That day, in accordance with Local Rule 16(b)(3)(B), Judge Virden stayed the attorney conference, disclosure requirements, and all discovery pending a ruling on the motion's request to dismiss for lack of personal jurisdiction. Doc. #54.

## II
## Standards

### A. Rule 12(b)(2)

A party may challenge the Court's exercise of personal jurisdiction by filing a motion pursuant to Federal Rule of Civil Procedure 12(b)(2). On a Rule 12(b)(2) motion, "the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices." *Luv N' care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (internal citation omitted). A court "must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Patterson v. Aker Sols., Inc.*, 826 F.3d 231, 233 (5th Cir. 2016) (quoting *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)).

### B. Rules 12(b)(4) and 12(b)(5)

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) authorize the filing of a motion to dismiss for, respectively, insufficient process and insufficient service of process. "Generally speaking, '[a motion] under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam) (quoting 5B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1353) (4th ed.)). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." FED. R. CIV. P. 4(l)(1). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Henderson v. Republic of*

3

*Tex. Biker Rally, Inc.*, 672 F. App'x 383, 384 (5th Cir. 2016) (per curiam) (quoting *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

### C.  Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) asserts a "failure to state a claim upon which relief can be granted."  To survive dismissal under the Rule 12(b)(6) standard, "a complaint must present enough facts to state a plausible claim to relief. … A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quoting *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010)).  However, the Court "do[es] not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *Great Lakes*, 624 F.3d at 210).  In evaluating a 12(b)(6) motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. U.S. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020) (per curiam) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

"Technically, 'a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment, must be used to challenge the failure to state a claim for relief.'" *Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999) (quoting *Delta Truck & Tractor, Inc. v. Navistar Int'l Transp. Corp.*, 833 F. Supp. 587, 588 (W.D. La. 1993)).  "If the defendant has previously included in its answer the

4

defense raised in the motion, thereby giving notice, then courts generally allow Rule 12(b)(6) motions filed after the answer," but they consider such a motion "as a Rule 12(c) motion for judgment on the pleadings." *Id*. The standard to evaluate a motion under Rule 12(c) is the same as a motion under Rule 12(b)(6). *Templeton v. Jarmillo*, 28 F.4th 618, 621 (5th Cir. 2022).

### III
### Relevant Factual Allegations

Despite being qualified and maintaining an active application on file for the Veteran Officer Service position, which is a combined county position that serves veterans in Carroll and Montgomery County, Jackie Lene McKinney Poston was not considered for the job.[4] Doc. #1 at PageID 6. The boards of both counties consist of only male members. Doc. #1-1[5] at PageID 8, 13. In the most recent opening, in June 2023, despite her qualifications and experience, neither Poston nor another female applicant were granted the opportunity to interview for the position. *Id*. Instead, a male applicant was rehired after he had previously resigned from the job. *Id*.

### IV
### Analysis

Wood and White argue that the issues here are resolved by the Court's March 30 order dismissing the claims against Jackson and Neill because "[t]here is no factual or legal distinction between the previously dismissed defendants and [them];" "[Poston] asserts claims against [them] individually—and not against a proper Title VII employer;" Poston's "claims are also barred for failure to exhaust administrative remedies;" the "Complaint fails to allege sufficient facts to state a plausible claim for relief;" Poston "fails to allege facts supporting the required elements" of a

---

[4] Wood is the administrative point of contact for applicants. Doc. #1 at PageID 6. Poston had numerous conversations with Wood regarding the status of her application, and Wood assured her that her application was active. *Id*.

[5] These alleged facts are in the Equal Employment Opportunity Commission ("EEOC") charges Poston filed against the Montgomery County Board of Supervisors on October 3, 2023, and against the Carroll County Board of Supervisors on December 1, 2023, both of which allege race and sex discrimination. Doc. #1-1 at PageID 8–9, 13–14. The EEOC issued right-to-sue notices for both charges on September 4, 2024. *Id*. at PageID 10, 15.

defamation claim; and the "proof of service demonstrates that [Poston] failed to properly serve [them]." Doc. #53 at 4, 5, 6, 7.

### A. Personal Jurisdiction

"Objections to personal jurisdiction … must be raised in a timely fashion, i.e., as a party's first pleading in the case, or they are waived." *Def. Distributed v. Grewal*, 971 F.3d 485, 496 (5th Cir. 2020) (quoting *Broad. Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987)); FED. R. CIV. P. 12(h)(1)(B)(ii). Wood and White's general statement in their answer that they raise "any and all applicable Rule 12(b) defenses," without specifically mentioning Rule 12(b)(2) or personal jurisdiction, is insufficient to raise lack of personal jurisdiction as a defense. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("[A] defendant … must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced.") (quoting *Automated Med. Labs. v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980)); *see Joseph C. Blanks, P.C. v. Stemme AG*, No. 9:19-CV-244, 2020 WL 13064658, at *2 (E.D. Tex. Dec. 17, 2020) (statement in defendant's first motion that it was filed "without waiving any jurisdictional defects or other Rule 12 rights or defenses" not sufficient to preserve lack of personal jurisdiction defense when motion "did not specifically reference personal jurisdiction"). Consequently, Wood and White waived any objection to personal jurisdiction by not properly raising it in their answer.

And, although Wood and White raise lack of personal jurisdiction under Rule 12(b)(2) in their motion to dismiss, they do not make any argument regarding personal jurisdiction in their accompanying memorandum. *See generally* Doc. #53. So, for this additional reason, they waived the personal jurisdiction defense by failing to brief it as a basis for dismissal. *See Parkman v. W&T Offshore, Inc.*, 547 F. Supp. 3d 536, 547 (M.D. La. 2021) ("[F]ailure to brief an argument in

6

the district court waives that argument in that court.") (quoting *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018)); *C.W.P. v. Brown*, 56 F. Supp. 3d 834, 839 (N.D. Miss. 2014) ("[W]here a defendant does 'not provide a memorandum of authorities in support of its Motion and [does] not cite any cases supporting its claim that it is entitled to dismissal,' the proper course is to deny the motion.") (quoting *Bruner v. Cemex, Inc.*, No. 1:08CV1386, 2010 WL 3455244, at *1 (S.D. Miss. Aug. 27, 2010)).  So, Poston's claims against Wood and White will not be dismissed for lack of personal jurisdiction.[6]

### B. Insufficient Process and Service of Process

Wood and White argue that the complaint should be dismissed for insufficient process and service of process because "[t]he summonses were allegedly 'served' by being left on a desk at the Montgomery County Chancery Clerk's Office while Mr. Wood was not present[, n]o attempt was made to personally serve either [of them], and no copy of the Complaint was delivered."[7]  Doc. #53 at 7 –8.

A summons must be served with a copy of the complaint.  FED. R. CIV. P. 4(c)(1).  Rule 4(e) instructs that an individual may be served by personal delivery; leaving a copy of the summons

---

[6] Even if Wood and White had not waived their ability to contest personal jurisdiction, it appears Poston sufficiently alleged personal jurisdiction.  While she lists Mississippi addresses for Wood and White, they seem to be business addresses since the same address is listed for both.  Doc. #1 at PageID 2.  But even if Poston did not allege that Wood and White are Mississippi residents, she at least alleges facts supporting specific personal jurisdiction over them. Specific personal jurisdiction requires that "the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there," "the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts," and "the exercise of personal jurisdiction is fair and reasonable." *Luv N' care*, 438 F.3d at 469 (quoting *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).  Poston's claims are based on Wood and White's purposeful contacts with Mississippi because she alleges they discriminated against her in Montgomery County, Mississippi, and the Court sees no reason why the exercise of personal jurisdiction over Wood and White would not be fair and reasonable.  And if Wood and White are not Mississippi residents, personal jurisdiction appears to exist over them under Mississippi's long-arm statute because they work in Mississippi.  *See Etienne v. Wartsila N. Am., Inc.*, 667 F. Supp. 3d 235, 243 (S.D. Miss. 2023) ("Mississippi long-arm statute 'by its plain terms, applies to any person … performing any character of work or service in this state.'") (quoting *Est. of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1139 (Miss. 2008)).

[7] Wood and White argue that such is demonstrated by "[Poston's] own proof of service."  Doc. #53 at 7.  However, they do not cite any such proof of service, and no return of service appears on the docket in this case.

7

and complaint at the defendant's dwelling; delivery to an agent authorized to receive service; or in a manner allowed under the law of the state where the court is located or where service is made. Mississippi law allows service on an individual, among other methods, by process server and by mail. MISS. R. CIV. P. 4(c)(1), (3). Service by process server may be completed:

> (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized … to receive service of process; or

> (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode … and thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left.

MISS. R. CIV. P. 4(d)(1)(A)-(B).

Wood and White assert that the summons was not delivered in any of the modes permitted under Rule 4(e), and the complaint was not delivered at all in violation of Rule 4(c)(1). These challenges are properly brought under Rule 12(b)(5) rather than under Rule 12(b)(4). *Gartin*, 289 F. App'x at 691 n.3. Because Wood and White challenge the sufficiency of service, and Poston has not met her burden of establishing service was proper—she did not even respond to the motion to dismiss—her claims are properly dismissed pursuant to Rule 12(b)(5).

### C. Failure to State Claim

### 1. Individual liability

Wood and White argue that "[b]ecause [Poston] asserts claims against [them] individually—and not against a proper Title VII employer—those claims fail as a matter of law." Doc. #53 at 5.

Under Title VII, an "Employer" is "a person engaged in an industry affecting commerce … and any agent of such a person." 42 U.S.C. § 2000e(b). "There is no individual liability for employees under Title VII." *Muthukumar v. Kiel*, 478 F. App'x 156, 158 (5th Cir. 2012) (per

curiam) (quoting *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002)).  Individuals can only be sued under Title VII in their official, not individual, capacities, when acting as agents of the employer, i.e., when they are "delegated the employer's traditional rights, such as hiring and firing."  *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990); *see Vance v. Union Planters Corp.*, 279 F.3d 295, 299 (5th Cir. 2002) ("An individual qualifies as an employer under Title VII solely for purposes of imputing liability to the true employer if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring.") (quoting *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996)).

Poston does not specify in her complaint whether Wood and White are sued in their official or individual capacities.  *See generally* Doc. #1.  Even if the Court presumed Poston intended to sue them in their official capacities based on her inclusion of their titles in listing them as defendants,[8] she does not allege they exercised control over hiring such that they could be considered agents of Montgomery County for purposes her Title VII claims.  So, the Title VII claims against Wood and White are also properly dismissed for failure to state a claim.

### 2. Sufficiency of Title VII allegations

Wood and White maintain that the "Complaint fails to allege sufficient facts to state a plausible claim for relief against [them because t]he allegations consist largely of conclusory statements and generalized accusations that do not identify specific actions taken by [them]."  Doc. #53 at 6.

White is not mentioned in the factual allegations of the complaint or in Poston's EEOC charges.  Doc. #1 at PageID 6; Doc. #1-1 at PageID 8, 13.  The only allegations regarding Wood are that he "maintained on file the names of the seven veterans who applied for the Veteran Service

---

[8] *See supra* note 1.

Officer position;" Poston "repeatedly confirm[ed] with [him] that [her] application was active;" he informed her that a man who previously held the role was rehired after resigning; he "assured [Poston] that [her] application was active and that the County did not have a six-month renewal window;" he "provided [Poston] with the names of the six other candidates;" and she "complained to [him] and questioned why [she] could not be considered" in January and July 2023. *Id.* Because Poston does not allege that Wood or White were involved in the hiring decision for the position or otherwise discriminated against her, she fails to state a claim against them as to her Title VII claims for this reason as well.

### 3. Exhaustion

Wood and White argue that "the Complaint fails to establish that [they] were properly named or identified in [Poston's EEOC] charge" because "[t]he factual allegations … did not provide notice to [them] in their individual capacities;" and "[Poston] has not alleged facts demonstrating that [they] fall within any exception to the exhaustion requirement." Doc. #53 at 5, 6.

Before filing a private cause of action under Title VII, "a plaintiff must exhaust administrative remedies by filing a charge with the EEOC within 180 days of the discriminatory action." *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021). There is "a general rule that 'a party not named in an EEOC charge may not be sued under Title VII.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014) (quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988)). Such a party may only be sued under Title VII if "there is a clear identity of interest between it and the party named in the charge or it has unfairly prevented the filing of an EEOC charge." *Way*, 840 F.2d at 307.

10

Because Poston did not name Wood or White in her EEOC charges, and because she has not shown that they unfairly prevented her filing of an EEOC charge or that there is a clear identity of interest between Wood, White, and Carroll County or Montgomery County, Poston has not exhausted administrative remedies as to her Title VII claims against them.

**4. Defamation**

Wood and White argue that Poston "fails to allege facts supporting the required elements" of her defamation claim because she "does not identify any specific false statement made by [either], does not allege when or to whom such a statement was made, and does not plead facts demonstrating publication, fault, or damages." Doc. #53 at 7.

Under Mississippi law, the elements of defamation are "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Mitchell v. Random House, Inc.*, 865 F.2d 664, 668 (5th Cir. 1989) (internal quotation marks omitted) (quoting *Fulton v. Miss. Publishers Corp.*, 498 So. 2d 1215, 1216 (Miss. 1986)). Because Poston does not allege facts to support any of these elements, she fails to state a claim for defamation against Wood and White.

**V**

**Conclusion**

Wood and White's motion to dismiss [52] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent Poston's claims against Wood and White are **DISMISSED without prejudice**. The motion is denied in all other respects.[9]

---

[9] Wood and White moved to dismiss the complaint with prejudice. Doc. #52 at 2. Although they represent that "this Court has already dismissed identical claims against co-defendants James Neill and Rogan Jackson with prejudice," Doc. #53 at 1–2, they are wrong. The Court dismissed the claims against Neill and Jackson without prejudice. Doc.

11

**SO ORDERED**, this 17th day of July, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

#48 at 11. Dismissal of the claims against Wood and White is without prejudice for the same reasons. The proper remedy for improper service is dismissal without prejudice. *See Denham v. Watkins*, No. 24-60201, 2024 WL 4403871, *2 (5th Cir. Oct. 4, 2024) ("A dismissal under 12(b)(5) is typically granted without prejudice because 'dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim,' and a … 'dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice.'") (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)). And "courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Ricks v. Khan*, 135 F.4th 296, 300–01 (5th Cir. 2025) (quoting *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (per curiam)). It is not obvious to the Court that Poston has pled her best case.

12